(112 App. Div. 1)

## BUELLESBACH et al. v. HENDERSON.

(Supreme Court, Appellate Division, First Department. March 23, 1906.)

CONTRACTS—PARTIAL PERFORMANCE—RECOVERY.

Where a contract for the construction of the iron work on certain buildings required plaintiffs to perform the work according to the plans and specifications, which required that the fire escapes be connected by a slanting ladder, and that the upper escapes on each house be connected on the roofs by an iron ladder and two iron bridges, and the escapes as constructed did not comply with such specifications, the necessary expense to complete the same being $350, plaintiffs were not entitled to recover the full contract price, in the absence of proof of defendant's waiver of the provisions of the contract.

Appeal from Judgment on Report of Referee.

Action by Joseph Buellesbach and others against William Henderson. From a judgment entered on a referee's report in favor of plaintiffs, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Henry C. Henderson, for appellant.

C. V. Pallister, for respondents.

INGRAHAM, J. The complaint alleges that the plaintiffs entered into a contract with the defendant, William Henderson, a copy of which was annexed to the complaint, by which they were to furnish certain iron work for four houses on the west side of Eagle avenue for the sum of $796.90; that they proceeded with the said work and completed the same according to the terms of the said contract; and that no part of the contract price has been paid except the sum of $100; and asks judgment for the sum of $696.90. The defendant answered, denying that the plaintiffs completed and performed the work mentioned in the complaint according to the terms of the contract under which the same was to have been performed, and alleged that the plaintiffs have refused, neglected, and failed to perform said work in the manner required by the terms of the contract. The referee's report found that the plaintiffs had entered into a contract with the

defendant, as alleged in the complaint; that they completed the same in accordance with the terms of the said contract; that no part of the contract price has been paid except $100; and, as a conclusion of law, that the plaintiffs are entitled to a judgment for $696.90. The referee then found, at the request of the defendant, that one Diederick filed with the bureau of buildings, plans and specifications for erecting the buildings in question, which plans and specifications were approved by the said bureau, including the iron work in question herein; that the iron work mentioned in the said contract was understood between the plaintiffs and defendant to refer to the completion of iron work upon the buildings in question; that, prior to the time of making the agreement between the parties hereto, the plaintiffs had entered into an agreement with one Henry S. Diederick to construct the iron work upon the same buildings; that, by the agreement between the plaintiffs and the said Diederick, the plaintiffs were required to complete the iron work upon the buildings in question in accordance with the plans and specifications therefor so approved by, and on file in, the bureau of buildings in the city of New York; that the said Diederick was unable to perform the contract upon his part; that the iron work mentioned in the agreement between the plaintiffs and the defendant, annexed to and made a part of the complaint herein, is the same iron work referred to in the agreement between the plaintiffs and the said Diederick, and the same iron work shown upon the plans and referred to in the specifications approved by, and filed in, the bureau of buildings by the said Diederick, as aforesaid; that, by the said plans and said specifications, the fire escapes to be constructed upon each of the buildings aforesaid were to be connected by a slanting ladder, the upper fire escape upon each house was to connect with the roof of the house by an iron ladder, and two iron bridges were to be constructed connecting two of the buildings; that the fire escapes constructed on each of the buildings in question are connected by verticle ladders; that the upper fire escape on each building has not been connected with the roof of the building by an iron ladder, nor by any other method; that the buildings have not been connected by bridges nor by any other means; that the expense necessary to make the iron work constructed by the plaintiffs, upon the houses in question, conform to that shown upon the plans and described in the specifications approved and filed as aforesaid, and to the agreement between the parties, in $350.

It appears that these findings are entirely inconsistent with the referee's report. By the contract made between the plaintiffs and Diederick, he was to perform the work according to the plans and specifications, which required that the fire escapes were to be connected by a slanting ladder, and the upper fire escapes upon each house were to be connected on the roofs of the houses by an iron ladder and two iron bridges. The fire escapes as constructed did not comply with this contract, and the necessary expense to make the iron work constructed by the plaintiffs conform to that shown upon the plans and described in the specifications is $350. Certainly the plaintiff was not entitled to recover the full amount of the contract, when he had not performed the work upon the performance of which depended his right to recover in this action. There is no finding of any waiver by the defendant

of the provisions of the contract. The form of the contract sustains the finding made by the referee on the requests of the defendant. It is apparent that the fire escapes as constructed were not such as required by the plans and specifications as filed in the building department. Certainly the plaintiff cannot recover for the completion of the contract, when the referee has found expressly that the contract as made by him was not completed and the work done was not in accordance with the contract. The cause of action is based upon the completion of the contract in accordance with the plans and specifications. The referee has found that the plaintiffs did not complete the contract in accordance with the plans and specifications, and they were not therefore entitled to judgment in this action.

The judgment appealed from must therefore be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.